```
                  UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF WEST VIRGINIA
                          AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                                    CRIMINAL ACTION NO. 2:08-00087

**CLARK E. WHITBECK**

<u>SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

On November 5, 2015, the United States of America appeared by Joshua C. Hanks, Assistant United States Attorney, and the defendant, Clark E. Whitbeck, appeared in person and by his counsel, Lex A. Coleman, Assistant Federal Public Defender, for a hearing on the petition on supervised release and amendments thereto submitted by United States Probation Officer Douglas W. Smith.  The defendant commenced a four-year term of supervised release in this action on March 5, 2014, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on November 24, 2008.

The court heard the evidence, admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects: (1) the defendant used and possessed controlled substances as evidenced by positive urine specimens submitted by him on May 14 and 27, 2014, for cocaine; his admission on June 9, 2014, to the probation officer that he nasally ingested cocaine on three occasions during the month prior to the May 14 and 27, 2014, positive urine specimens; a positive urine specimen submitted by him on October 2, 2014, for cocaine; the defendant's admission to the probation officer on November 18, 2014, that he had last used cocaine on October 4, 2014; a positive urine specimen submitted by him on January 12, 2014, for cocaine; his admission on January 26, 2015, to the probation officer that he used cocaine prior to the January 12, 2015, urine collection; a positive urine specimen submitted by him on February 24, 2015, for cocaine; his admission to the probation officer on March 4, 2015, that he last used cocaine on February 27, 2015, and that he had been using cocaine approximately once a week throughout his ''entire life''; a positive urine specimen submitted by him on March 16, 2015, for cocaine; a positive urine specimen

2

submitted by him on May 11, 2015, positive for cocaine, at which time he admitted to the probation officer that he nasally ingested a line of cocaine; and his admission on August 26, 2015, to the probation officer that he used oxycodone without a valid prescription on August 15, 2015, by using his girlfriend's Percocet; (2) the defendant failed to abide by the special condition that he reside at the Healing Place-Recovery Point inpatient substance abuse treatment program in Huntington, West Virginia, for a period of nine months inasmuch as he entered the program on May 21, 2015, and left the program and failed to return on August 18, 2015; and (3) the defendant committed the state offense of domestic battery inasmuch as the court found by a preponderance of the evidence, as more fully set forth on the record of the hearing, that the defendant was involved in an altercation on August 31, 2015, with his sister in which he struck her multiple times; all as admitted by the defendant on the record of the hearing with the exception of (3) as set forth above and all as set forth in the petition on supervised release and amendments thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of **TWELVE MONTHS AND ONE DAY**, to be followed by a term of three (3) years less one day of supervised release upon the standard conditions of supervised release now in effect in this district by order entered June 22, 2007, and the further condition that the defendant not commit another federal, state or local crime and the special conditions that the defendant have no contact, either directly or indirectly, with his sister, Melissa Dugan,

4

unless and until Ms. Dugan notifies the probation officer that she wishes the restriction to be removed, and that he participate in drug abuse counseling and treatment as directed by the probation officer.

The defendant was remanded to the custody of the United States Marshal.

<u>Recommendation</u>: The court recommends that the defendant receive a physical evaluation particularly with respect to his back condition so that he may be provided such attention and care as may be appropriate to assist him in overcoming his condition.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: November 17, 2015

_____
John T. Copenhaver, Jr.
United States District Judge

5